[Crim. No. 13209. First Dist., Div. Four. Sept. 3, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK MICHAEL OTTOVICH, Defendant and Appellant.

## COUNSEL

Jack Benoun for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, and W. Eric Collins, Assistant Attorneys General, D. Lowell Jensen, District Attorney, William A. McKinstry and John J. Meehan, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**CALDECOTT, P. J.**—The only issue presented by this appeal is whether the municipal court has the jurisdiction to place a convicted misdemeanant on probation for a period exceeding three years where the maximum time for such sentence of imprisonment that might be pronounced is less than three years.

Penal Code section 1203a covers the matter under consideration. Section 1203a provides in relevant part that the municipal courts "shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years; provided, that when the maximum sentence provided by law exceeds three years imprisonment, the period during which sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced."

Section 415 of the Penal Code does not provide for a maximum sentence exceeding three years imprisonment, rather it provides for a

maximum term of 90 days. Under section 1203a, the trial court has authority only to make and enforce a term of probation not to exceed three years. (*Fayad* v. *Superior Court*, 153 Cal.App.2d 79, 84 [313 P.2d 669].)

In *Fayad* v. *Superior Court*, the court cited the general rule regarding probation in misdemeanor cases as follows: "It is our opinion that section 1203a, dealing with probation for misdemeanors, can and should be construed consistently with the provisions of section 1203.1 and that the maximum term of probation under consecutive misdemeanor sentences is the maximum possible term of sentence but if that maximum is three years or less, probation is limited to three years." (*Id.*, at p. 84.)

■ Appellant was originally granted probation on November 18, 1970. Therefore, the maximum duration for probation would be three years from that date. Extension beyond that period was error.

Respondent contended in the superior court that despite the language of section 1203a, the trial court was authorized to extend appellant's probation beyond three years pursuant to Penal Code section 1203.2. The appellate department of the superior court correctly held that the provisions of section 1203.2 are inapplicable to the case at bar. Section 1203.2 provides in relevant part that "If an order setting aside the judgment, the revocation of probation, or both is made after the expiration of the probationary period, the court may again place the person on probation for such period and with such terms and conditions as it could have done immediately following conviction."

Section 1203.2 permits the court to place a defendant on probation even though the maximum term for probation has expired. *People* v. *Carter*, 233 Cal.App.2d 260 [43 Cal.Rptr. 440], is a case in point. In *Carter* the court placed appellant on four years probation. During the period that probation was in effect, the trial court revoked probation because appellant was convicted of a crime in Indiana. After appellant's return to California, which was after expiration of the probationary period, the court placed appellant on four years probation. The court in *Carter* explained the purpose of section 1203.2: "In *Brown* [*People* v. *Brown*, 111 Cal.App.2d 406 (244 P.2d 702)], it was held that probation could be revoked in a defendant's absence simply because of his failure to report to the probation officer and that nearly 15 years later the court had jurisdiction to impose the suspended sentence. At that time, that is, before the adoption of section 1203.2, probation could be revoked by a timely order made during the term of probation and thereafter sentence imposed, but further probation could not be granted after expiration of the original term of

probation. The purpose of the amendment (Pen. Code, § 1203.2) was to liberalize the rule and permit the court not only to retain the right to impose sentence at a subsequent time, but also to extend the original term of probation to the maximum time for which it could have been originally fixed in lieu of sentencing or, as an alternative, to grant a completely new term of probation without reference to the length of the original term or time served under it. As would the original, the period of the new term would be limited in time only by the length of the maximum period for which the defendant could be sentenced for the original offense." (*Carter*, at pp. 267-268; see also *People* v. *Gish*, 230 Cal.App.2d 544 [41 Cal. Rptr. 155].)

As will be noted in *Carter*, probation was revoked during the original period that probation was in effect, and then after the original period of probation had expired, the order revoking probation was set aside and the defendant again placed on probation. This sequence of events brought the defendant in *Carter* within the provisions of section 1203.2.

Here, appellant's probationary period had not expired at the time of the court's order setting aside the order of revocation of probation. Therefore, section 1203.2 is inapplicable to the case at bar.

Pursuant to the express provisions of section 1203a of the Penal Code, the lower court had no jurisdiction to extend appellant's probation beyond the three-year period, and the order purporting to do so is therefore void.

The order of the municipal court restoring appellant to probation and extending the term of probation is reversed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied September 24, 1974, and respondent's petition for a hearing by the Supreme Court was denied October 30, 1974.