[Crim. No. 37922. Second Dist., Div. Three. June 24, 1982.]

In re PHILLIP KENNEDY HAMM on Habeas Corpus.

COUNSEL

John A. Vander Lans, City Prosecutor, Robert R. Recknagel, Assistant City Prosecutor, and Gerry L. Ensley, Deputy City Prosecutor, for Appellant.

Paul Arthur Turner, under appointment by the Court of Appeal, for Respondent.

OPINION

KLEIN, P. J.—The People appeal from the granting of a writ of habeas corpus vacating jail commitments in two misdemeanor cases, contending that the superior court incorrectly construed Penal Code sections 1203a and 1203.2, subdivision (e).[1] Thus, this case squarely presents the question whether section 1203.2 permits misdemeanor probation to be extended beyond the three-year period set out in section 1203a.

---

[1]Penal Code section 1203a states: "In all counties and cities and counties the courts therein, having jurisdiction to impose punishment in misdemeanor cases, shall have the

We conclude the reasonable interpretation of the sections is to allow courts the discretion to grant misdemeanor probation in excess of three years in certain circumstances.

### BACKGROUND

Phillip Kennedy Hamm (Hamm), the defendant and respondent herein, found himself in considerable difficulties with the law during the middle and late '70's, and as a consequence, was frequently before the municipal courts.

In a case number M 118362, he pleaded guilty to a misdemeanor and on October 1, 1974, the municipal court suspended imposition of sentence and placed him on one year probation on stated terms and conditions.

Over an extended period of time, the court revoked and reinstated his probation on a number of occasions until November 26, 1979, when, following the final revocation of probation, the court sentenced him to 120 days in the county jail, *more than 5 years* after the imposition of his original probationary sentence.[2]

Hamm was again before the court in another case numbered M 121298, wherein he entered a plea of nolo contendere to a misdemean-

---

power to refer cases, demand reports and to do and require all things necessary to carry out the purposes of Section 1203 of this code insofar as they are in their nature applicable to misdemeanors. Any such court shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation *for a period not to exceed three years*; provided, that when the maximum sentence provided by law exceeds three years imprisonment, the period during which sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced." (Italics added.)

The language with which we are concerned in Penal Code section 1203.2, subdivision (e) reads: "If an order *setting aside* the judgment, the revocation of probation, or both is made *after* the expiration of the probationary period, the court may again place the person on probation for such period and with such terms and conditions as it could have done immediately following conviction." (Italics added.)

All statutory references will be to the Penal Code, unless otherwise noted.

Pursuant to California Rules of Court, rule 12(a), this court has augmented the record on appeal by including the superior court file.

[2]In case number M 118362, the chronology of court activity was as follows: Hamm's original probation sentence was imposed on October 1, 1974.

On December 3, 1974, the court revoked the probation, reinstated it on May 22, 1975, and on June 20, 1975, the court again revoked it. On July 15 the court reinstated probation and extended the probationary period to October 1, 1976.

The court revoked probation on June 11, 1976, and on October 14 reinstated and extended it to October 1, 1977. On December 14, 1976, the court revoked and reinstated

or. On May 22, 1975, the municipal court sentenced him to 90 days in the county jail but suspended execution of the sentence and granted him 1 year summary probation subject to certain terms and conditions.

His conduct resulted in a series of revocations and reinstatements of probation.[3] Finally on the same date, November 26, 1979, the same municipal court handling the prior case sentenced him to serve 30 days in the county jail on this latter case, such time to be served concurrently with the 120-day county jail sentence he received in the prior case.[4] This remand to custody occurred some *four and one-half years* past the date of the original imposition of the probationary sentence.

At this juncture on March 14, 1980, Hamm filed a petition for writ of habeas corpus challenging the jurisdiction of the municipal court to remand him to custody in these cases.

The superior court ruled that the municipal court acted in excess of its authority in extending probation in both cases beyond the three-year limit set forth in section 1203a and ordered the jail commitments vacated.

The People appealed the ruling to this court.

DISCUSSION

The resolution of this case turns on the interpretation of two of the many provisions found under section 1203 dealing with probation.

---

probation for two years on a formal basis on the same terms as another case for which Hamm was on probation, number M 121298.

On June 14, 1978, and again on July 31, the court revoked probation and, after several continuances, terminated probation on November 26, 1979 and sentenced Hamm to serve 120 days in Los Angeles County jail.

[3]In case number M 121298, the record reflects the following: Hamm was granted an original probationary sentence on May 22, 1975.

On July 30, 1975, the court revoked probation, and on December 14, 1976, sentenced Hamm to serve 60 days and reinstated probation to continue for 2 years on a formal basis.

The court again revoked probation on June 14, 1978, and requested from the probation department a supplemental report including the actual number of days served. On November 26, 1979, the court sentenced Hamm to serve 30 days in Los Angeles County jail concurrent to the 120-day sentence in M 118362.

The record further indicates that the court also may have revoked and reinstated the probation on its original terms prior to July 30, 1975. This lack of certainty is not fatal, however, because these dates are not essential to the issues in this case.

[4]He was also remanded to custody in case number M 140820, which case is not involved in this appeal.

The language of section 1203a, standing alone, appears to limit the power of a court in imposing punishment in a *misdemeanor* case to the use of probation for a period not to exceed three years, with certain exceptions.

Section 1203.2, subdivision (e), on the other hand, does not specifically refer either to felony or to misdemeanor probation. The language thereof extends the court's jurisdiction to impose probation after the expiration of the original probation "... for such period and with such terms and conditions as it could have done immediately following conviction."

Before the legislature adopted this provision in 1957 (Stats. 1957, ch. 331, § 1, p. 970), a court lost the power to reimpose probation after expiration of the probationary period. Even where a court revoked probation within the probationary period and thus retained jurisdiction, (*People* v. *Youngs* (1972) 23 Cal.App.3d 180, 185 [99 Cal.Rptr. 901], disapproved on other grounds in *People* v. *Vickers* (1972) 8 Cal.3d 451, 453, fn. 2 [105 Cal.Rptr. 305, 503 P.2d 1313]; *People* v. *Brown* (1952) 111 Cal.App.2d 406, 407-408 [244 P.2d 702]) it could only *impose sentence* after the period expired. (*People* v. *Carter* (1965) 233 Cal.App.2d 260, 267-268 [43 Cal.Rptr. 440]; *People* v. *Brown, supra,* at p. 408.)

The language quoted above from section 1203.2, subdivision (e), has been interpreted to permit courts "not only to retain the right to impose sentence at a subsequent time, but also to extend the original term of probation to the maximum time for which it could have been originally fixed in lieu of sentencing or, as an alternative, to grant a completely new term of probation without reference to the length of the original term or time served under it." (*People* v. *Carter, supra,* 233 Cal.App.2d at p. 268; see also *People* v. *Ottovich* (1974) 41 Cal.App.3d 532, 535 [116 Cal.Rptr. 120].)

■ On appeal the People argue that the two sections under scrutiny should be read together so that misdemeanor probation is also covered by section 1203.2, subdivision (e), thereby permitting municipal courts the same flexibility now clearly granted to courts dealing with felony probations.

The superior court in the present case held that the three-year time limitation of section 1203a "controls and limits any authority of the court under Penal Code section 1203.2," which position Hamm adopts.

Under this interpretation, the municipal court lost the power to grant and enforce probation three years after the initial dates of probation and after the expiration of three years, had no option other than to impose sentence, or lose all·jurisdiction by invalidly attempting to extend probation. Such an interpretation would restrict the application and use of section 1203.2, subdivision (e) to ·felony matters only.[5]

■ Because the determination is one of law and not of fact, we are not bound by the trial court's conclusion but must independently decide the issue. (*In re M. L. B.* (1980) 110 Cal.App.3d 501, 503 [168 Cal.Rptr. 57]; *People* v. *Superior Court* (*Henry*) (1974) 41 Cal.App.3d 636, 639 [116 Cal.Rptr. 24]; 6 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 210, pp. 4200-4201.)

■ However, case law is only moderately instructive on the point. In *People* v. *Ottovich, supra*, 41 Cal.App.3d at pages 534-535, the court held that section 1203.2, subdivision (e) did not apply, because the defendant's misdemeanor probationary period had not expired at the time of the court's order setting aside the revocation of probation. While *Ottovich* provides indirect support for the People's position, we do not consider it conclusive. Alternatively, the cases which have held that section 1203a limits the misdemeanor probationary period to three years have not considered the effect of section 1203.2, subdivision (e). (See, e.g., *In re Daoud* (1976) 16 Cal.3d 879 [129 Cal.Rptr. 673, 549 P.2d 145]; *In re Dupper* (1976) 57 Cal.App.3d 118 [128 Cal.Rptr. 898].)[6]

The other cases discussing the pertinent language in section 1203.2, subdivision (e) are concerned with felony probation. (See, e.g., *People* v. *Carter, supra*, 233 Cal.App.2d 260; *People* v. *Gish* (1964) 230 Cal. App.2d 544 [41 Cal.Rptr. 155].)

---

[5]In 1957, when the Legislature enacted this provision, section 1203.2 was not subdivided into sections. A 1970 amendment (Stats. 1970, ch. 333, § 1, p. 729,) added the subdivisions and substantially rewrote the section; the sentence set forth in subdivision (e) with which we are concerned, however, was not altered in any significant manner.

[6]*In re Daoud* held that an attempt to extend the probationary period beyond the three-year limit would be effective only to expand the period to the three years allowed under the statute. (*Id.*, at p. 884-885.) The facts in *Daoud* could not have brought it under section 1203.2, subdivision (e), as the municipal court revoked and reinstated or modified probation within the original probationary period. The opinion in *In re Dupper* does not set out sufficient facts for us to determine whether section 1203.2, subdivision (e) could have applied.

Since the case law is not conclusive on the issue, we turn to an analysis of the language of the provisions themselves and to considerations of logic and public policy.

The critical language in section 1203a grants courts the power ". . . to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years." This language is substantially similar to that restricting the length of felony probation periods in section 1203.1 as follows: "The court . . ., in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine."

Both provisions authorize the courts to grant probation for a period not to exceed a specified time, three years in the case of misdemeanors or the maximum possible term of sentence in the case of felonies, with certain exceptions.

Both provisions also existed in substantially identical form at the time section 1203.2, subdivision (e), was enacted in 1957. Section 1203.2, subdivision (e) itself contains no reference either to felony or misdemeanor probation, but refers generally to the "probationary period." In light of the history and language of these three provisions, we see no reason to limit the applicability of section 1203.2, subdivision (e) to felony probation only.

Further, we are persuaded that logic and public policy considerations support this interpretation. Including misdemeanors within the scope of section 1203.2, subdivision (e) would expand the court's sentencing options by extending the trial court's discretion to grant or deny probation after the initial three-year period has expired. Denying courts this authority would place misdemeanants in the anomalous position of being required to serve jail sentences while felons in a similar situation could receive another grant of probation.

Rather than forcing courts to sentence a misdemeanant to jail when, in the court's perception, society and the offender both would benefit by prolonging probation, our interpretation preserves the trial court's discretion in these important matters. Because the misdemeanant always retains the right to reject probation and undergo sentence (*People* v.

*Osslo* (1958) 50 Cal.2d 75, 103 [323 P.2d 397]; *In re Mannino* (1971) 14 Cal.App.3d 953, 959 [92 Cal.Rptr. 880, 45 A.L.R.3d 996]), our decision merely increases the choices available to trial courts and offenders.

Nothing in this interpretation is inconsistent with other general provisions on probation and its purposes. Section 1203a stands for the proposition that *misdemeanor probation is limited to maximum three-year increments*, except only in those cases where the allowable sentence provided by law exceeds three years. Thus, no *single* grant of misdemeanor probation may exceed three years, except as noted (*In re Daoud, supra*, 16 Cal.3d 879), but the mandated three-year period does not negate the application and proper use of section 1203.2, subdivision (e). There is no reason in the probationary scheme to justify limiting the application of 1203.2, subdivision (e) to felony sentencing. Its concepts should be available equally to misdemeanor sentencing.

Applying this analysis to the two cases before us, we find that the municipal court did not lose jurisdiction in either matter. In M 118362, the initial one-year probationary period began on October 1, 1974, and was later extended to October 1, 1976. (Pen. Code, § 1203.2, subd. (b); *People* v. *Broadway* (1981) 123 Cal.App.3d Supp. 19, 22 [177 Cal. Rptr. 106].) The court revoked this expanded probation on June 6, 1976, well before expiration of the probationary period, and renewed probation again on October 14, 1976, *after* the expiration of the probationary period.

On October 14, therefore, the court had the option under section 1203.2, subdivision (e) to place Hamm "on probation for such period and for such terms and conditions as it could have done immediately following conviction." The court's grant of probation to October 1, 1977, and subsequent modification extending the period to December 14, 1978, were therefore valid. Timely revocation within the probationary period, on June 14, 1978, or July 31, 1978, preserved jurisdiction for sentencing on November 26, 1979.

In M 121298, Hamm began a one-year probationary period on May 22, 1975, which the court revoked on July 30 of the same year. When the court granted Hamm two years probation on December 14, 1976, it was acting after the expiration of the initial period and came within section 1203.2, subdivision (e). The court again timely revoked proba-

tion, on June 14, 1978, and so preserved jurisdiction for sentencing on November 26, 1979.

### DISPOSITION

The superior court order granting the writs of habeas corpus in cases M 118362 and M 121298 is reversed.

Lui, J., and Danielson, J., concurred.

A petition for a rehearing was denied July 15, 1982, and respondent's petition for a hearing by the Supreme Court was denied August 18, 1982.