[No. B077974. Second Dist., Div. Seven. Jan. 18, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ZORAK TEROGANESIAN, Defendant and Appellant.

1536

COUNSEL

Jennifer Mack, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Simon Silva, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LILLIE, P. J.—Zorak Teroganesian appeals from judgment entered following a jury trial in which he was convicted of use of a destructive device and explosive to destroy property, count 2, (Pen. Code, § 12303.3); explosion of a destructive device causing bodily injury, count 3, (Pen. Code, § 12309); and first degree burglary, count 4, (Pen. Code, § 459). He was sentenced to the middle term of seven years on count 3, the middle term of five years on count 2 and the middle term of four years on count 4, with a stay of sentence ordered on counts 2 an 4 pursuant to Penal Code section 654. He contends he cannot be convicted under Penal Code section 12309 when no victim was injured when the car bomb detonated.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On November 8, 1992, Teroganesian placed a pipe bomb beneath the passenger seat of a 1976 Oldsmobile Cutlas owned by Leonid Kanter-Kantets and parked in a subterranean garage at 1047 Ogden Drive, West Hollywood. Kanter-Kantets did not know defendant and could think of no reason defendant would place a bomb in the automobile. The bomb detonated while Teroganesian was placing it in the car, blowing off a "good portion," if not all, of his left hand and wounding the left side of his forehead and chest.

Teroganesian asserted as his defense that he had not placed the bomb in the vehicle and that he only was in the process of stealing the vehicle when the explosion occurred.

DISCUSSION

■ Appellant contends he cannot be convicted of violating Penal Code section 12309 when the only bodily injury inflicted was to himself. This contention is well taken.

Because the question is one of law and not one of fact we are not bound by the conclusion of the trial court and must independently decide the issue. (See *In re Hamm* (1982) 133 Cal.App.3d 60, 65 [183 Cal.Rptr. 626].)

Penal Code section 12309 provides: "Every person who willfully and maliciously explodes or ignites any destructive device or any explosive which causes bodily injury to any person is guilty of a felony, and shall be punished by imprisonment in the state prison for a period of five, seven, or nine years."

Respondent submits that the plain meaning of the term "any person" should be applied as the Legislature is presumed to have meant what it said and that "bodily injury to any person" includes bodily injury to the defendant. We disagree.

While there appear to be no California cases discussing the term "any person" within the context of Penal Code section 12309, there is persuasive authority involving similar language in other penal statutes. For example, Penal Code section 187 defines murder as the "unlawful killing of *a human being . . .* with malice aforethought." (Italics added.) While the term "a human being" seems to be as embracing as the term "any person," homicide does not include the killing of oneself. " 'Homicide is the killing of a human being by another human being.' [Citation.]" (*People* v. *Antick* (1975) 15 Cal.3d 79, 87 [123 Cal.Rptr. 475, 539 P.2d 43].) The accidental killing of oneself does not constitute an unlawful killing within the meaning of Penal Code section 187. (*People* v. *Jennings* (1966) 243 Cal.App.2d 324, 329 [52 Cal.Rptr. 329].)

Similarly, logic would compel the conclusion that the accidental infliction of bodily injury to oneself as a result of the unlawful explosion of a destructive device would not constitute a violation of Penal Code section 12309. Support for this position is found in the new 1993 jury instruction, CALJIC No. 12.55.6 which provides in pertinent part that in order to prove a violation of Penal Code section 12309, the following elements must be proved: "1. A person willfully and maliciously [exploded] [or] [ignited] any [destructive device] [or] [explosive]; and [¶] 2. The [explosion] [or] [ignition] caused another person to suffer bodily injury."

While we are mindful that a bomb has vast destructive potentialities, that often times its maker loses control over the time of its detonation and that it may wreak enormous havoc on persons and property (see *People* v. *Morse* (1992) 2 Cal.App.4th 620 [3 Cal.Rptr.2d 343]), the Legislature has implemented a network of statutes prohibiting certain conduct involving destructive devices. A review of the statutes involving destructive devices reveals

that there are statutes which prohibit the possession of such devices (Pen. Code, § 12303); the carrying or placement of devices on passenger vessels (Pen. Code, § 12303.1); the possession of devices in or near certain places (Pen. Code, § 12303.2); the possession of such devices with the intent to injure or intimidate persons or destroy property (Pen. Code, § 12303.3); the sale or transportation of such devices (Pen. Code, § 12303.6); the explosion or attempt to explode devices with the intent to murder (Pen. Code, § 12308); and the explosion of such devices causing varying degrees of bodily injury (Pen. Code, §§ 12309 and 12310.)

In *People* v. *Poulin* (1972) 27 Cal.App.3d 54, 59-61 [103 Cal.Rptr. 623], the court determined that the term "great bodily injury" within the meaning of Penal Code section 12310 was not unconstitutionally vague. In so doing, the court noted that Penal Code section 12309 contained language that was substantially the same but spoke only of bodily injury rather than great bodily injury and that "[t]he legislative intent behind enactment of Penal Code sections 12309 and 12310 was to devise two degrees of punishment for persons who explode or ignite any destructive device or explosive resulting in personal injury to another: the higher punishment under section 12310 is where the victim suffers 'great bodily injury'; the lesser punishment under section 12309 is where the victim suffers merely bodily injury.'" (27 Cal.App.3d at p. 60.)

We agree with appellant's assertion that the crime defined by Penal Code section 12309 requires the infliction of injury upon another person and that to interpret it any other way would lead to the absurd result of punishing a defendant by imprisonment in state prison for five, seven or nine years for causing bodily injury to himself (Pen. Code, § 12309) and by imprisonment in the state prison for life for causing great bodily injury to himself. (Pen. Code, § 12310.) The statutes which are in pari materia provide two degrees of punishment depending on the resulting personal injury to another person. There is no logical explanation to punish a defendant with life in prison for causing greater bodily injury to himself, while punishing him for five, seven or nine years for only causing moderate injury to himself. (See *People* v. *Poulin*, *supra*, 27 Cal.App.3d at p. 61.)

"Every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. Legislative intent may also be gleaned from consideration of the history and purpose of enactments, the previous state of legislation on the subject, and other statutes in pari materia." (*People* v. *Clark* (1992) 10 Cal.App.4th 1259, 1266 [13 Cal.Rptr.2d 209].)

■ Since we are reversing for insufficiency of the evidence to support the conviction under Penal Code section 12309, this precludes a retrial on

this count. (See *People* v. *Brookins* (1989) 215 Cal.App.3d 1297, 1309 [264 Cal.Rptr. 240].)

## DISPOSITION

The conviction for exploding a destructive device causing bodily injury (count 3) is reversed; defendant's sentence is vacated and the matter is remanded for resentencing on counts 2 and 4.

Johnson, J., and Woods (Fred), J., concurred.

Respondent's petition for review by the Supreme Court was denied May 18, 1995. Baxter, J., George, J., and Werdegar, J., were of the opinion that the petition should be granted.