[No. B180087. Second Dist., Div. Eight. Dec. 8, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
VERONICA ANTONIA JACKSON, Defendant and Appellant.

**COUNSEL**

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Michael P. Judge, Public Defender, and John Hamilton Scott, Deputy Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Theresa A. Patterson and Catherine Okawa Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOLAND, J.—**

## INTRODUCTION

Appellant Veronica Antonia Jackson challenges the extension of her probationary term on the grounds the trial court improperly found her in violation of probation and extended the duration of her probation beyond five years.

We conclude the court was warranted in finding appellant in violation of her probation conditions, but improperly extended her probationary term for an additional five years.

## BACKGROUND AND PROCEDURAL HISTORY

Appellant was charged with receiving aid by misrepresentation (Welf. & Inst. Code, § 10980, subd. (c)(2)) and four counts of perjury by false application for aid (Pen. Code, § 118). On August 19, 1996, she pled guilty to receiving aid by misrepresentation and was granted probation on various conditions, including payment of $15,862.00 in restitution, at a minimum payment of $50 per month.

On March 5, 1999, appellant's probation was summarily revoked for desertion. On November 23, 1999, appellant admitted violating her probation and waived her right to a revocation hearing. Through her counsel, appellant asked the trial court to release her from custody and "make probation five years from today . . . ." After she was found in violation, the court reinstated her probation and extended the probationary period to November 23, 2004.

On November 18, 2004, the trial court again found appellant in violation of the conditions of her probation, revoked her probation for a second time, and extended the duration of probation until November 18, 2009. Appellant then filed this appeal.

## DISCUSSION

1. *Although the trial court improperly extended appellant's probation in 1999, appellant is precluded from challenging that extension on appeal.*

The parties agree that appellant's maximum term of probation was five years, under Penal Code section 1203.1, subdivision (a).

The only possible statutory authority for extending probation beyond this maximum term is Penal Code section 1203.2, subdivision (e). (*People v. Medeiros* (1994) 25 Cal.App.4th 1260, 1267 [31 Cal.Rptr.2d 83].) That section provides, in pertinent part, that "If an order setting aside the judgment, the revocation of probation, or both is made after the expiration of the probationary period, the court may again place the person on probation for that period and with those terms and conditions as it could have done immediately following conviction."[1] In its original brief, respondent cited this

---

[1] In its entirety, Penal Code section 1203.2, subdivision (e) provides as follows: "If probation has been revoked before the judgment has been pronounced, the order revoking probation may be set aside for good cause upon motion made before pronouncement of

provision as authorization for the trial court's 2004 extension of appellant's probation for an additional five years. However, following the filing of our original opinion in this matter, we granted a rehearing, in large part due to a compelling argument advanced by amicus curiae, that section 1203.2, subdivision (e) was inapplicable and therefore did not authorize either the 1999 or 2004 extension of appellant's probation because appellant's probationary period had not expired when the trial court acted. In the course of additional briefing, respondent agreed that section 1203.2, subdivision (e) was inapplicable when the trial court acted, and therefore did not support the trial court's actions.

Appellant's original probationary period was scheduled to expire on August 19, 2001. However, the running of the probationary period was tolled for 263 days by the revocation of her probation on March 5, 1999 and the trial court's subsequent finding, based on her admission, of a violation. (Pen. Code, § 1203.2, subd. (a).) Accordingly, without extension, her probationary term would have expired on May 9, 2002. The court's November 23, 1999 order extending probation was therefore made before the expiration of the probationary period. Because the third sentence of Penal Code section 1203.2, subdivision (e) applies only where the order revoking probation "is made after the expiration of the probationary period," it provided no authority for the extension or reimposition. (*People v. Ottovich* (1974) 41 Cal.App.3d 532, 535 [116 Cal.Rptr. 120].) Although the court was free to recalculate the date of expiration of appellant's probationary term as a result of the tolling, nothing authorized it to extend appellant's probation beyond the maximum five year period.

Appellant's request for the extension did not empower the trial court to impose a probationary term exceeding the maximum statutory duration. (*People v. Gilchrist* (1982) 133 Cal.App.3d 38, 44 [183 Cal.Rptr. 709]; *In re Bolley* (1982) 129 Cal.App.3d 555, 557–558 [181 Cal.Rptr. 111].) However, the 1999 extension is beyond challenge at this time, as appellant did not timely appeal from that order. Moreover, were appellant to challenge the 1999 order (which she has not), she would be estopped from doing so. Amicus curiae argues that because the court lacked jurisdiction to order a probationary term exceeding the statutory maximum, this court may set aside that order even though appellant consented to the extension. However, as the

---

judgment. If probation has been revoked after the judgment has been pronounced, the judgment and the order which revoked the probation may be set aside for good cause within 30 days after the court has notice that the execution of the sentence has commenced. If an order setting aside the judgment, the revocation of probation, or both is made after the expiration of the probationary period, the court may again place the person on probation for that period and with those terms and conditions as it could have done immediately following conviction."

Supreme Court stated in *In re Griffin* (1967) 67 Cal.2d 343, 346 [62 Cal.Rptr. 1, 431 P.2d 625], "[T]he rule that jurisdiction cannot be conferred by estoppel . . . relates to subject matter jurisdiction, the court's power to hear and determine the cause." There can be no doubt that the trial court possessed and retained subject matter jurisdiction over appellant when it made its erroneous ruling. The court's attempt to extend appellant's probation was merely an act in excess of its jurisdiction. Where "the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' [Citation.]" (*Id.* at pp. 347–348.)

In *Griffin*, the Supreme Court held that a defendant who requested and received a continuance of his probation revocation hearing to a date after the expiration of his probationary term was estopped from contending the trial court lost jurisdiction to revoke his probation after its expiration. (*In re Griffin, supra,* 67 Cal.2d at pp. 348–349.) Similarly, in this case, appellant asked the trial court on November 23, 1999 to extend her term of probation through November 23, 2004. Although the court erred by acquiescing in her request, appellant is estopped from now challenging the order.[2] To hold otherwise would permit appellant to trifle with the courts and the probation system by leading the trial court into error, obtaining the benefit of the court's error by avoiding incarceration, and then exploiting on appeal the error she induced the trial court to commit.

### 2. *Sufficient evidence supports the trial court's November 2004 probation violation finding.*

Following the revocation, reinstatement and extension of appellant's probation in November 1999, the probation department reported to the trial court in March 2000 that appellant had paid a total restitution of $440, leaving a balance of $17,058.20 payable as restitution, a restitution fine, and several service charges. Despite a prior request to revoke appellant's probation, the probation officer recommended continuing appellant on probation on the same terms and conditions. The trial court found appellant was not in violation and continued her probation on the same terms and conditions.

---

[2] Indeed, appellant conceded in her opening brief that her "probation was properly extended until November 2004, because she admitted violating the terms of her probation November 23, 1999." We disagree that the trial court "properly extended" her probationary term, but the effect of appellant's concession is consistent with our conclusion regarding estoppel.

Sometime before August 4, 2004, appellant's probation officer asked the trial court to find appellant in violation of her probation conditions and extend the term of probation for an additional five years. This request was based on appellant's failure to complete her community service and pay her required restitution. The report stated appellant had made 42 payments totaling $4,080. The court directed the probation department to prepare a supplemental report and ordered appellant to submit to a financial evaluation.

A September 8, 2004 supplemental probation report stated appellant had made 43 restitution payments[3] totaling $4,120, and still owed $12,707.02 in restitution. The financial evaluator determined appellant's minimum monthly payment should be $55. The report further indicated that appellant reported $37,513 in income on her 2003 income tax return. The supplemental report recommended that the trial court find appellant in violation of her probation conditions and extend the term of probation for an additional five years. On September 8, 2004, the court ordered another supplemental probation report.

On October 21, 2004, appellant's probation officer reported to the trial court that appellant had paid an additional $100, leaving a balance of $12,607.02. The report further indicated appellant had not completed her community service. The probation officer again requested that the court find appellant in violation of her probation conditions and extend the term of probation for an additional five years. At the next court appearance, the court continued appellant's probation, but ordered her to "bring proof of payment and community service hours" to the next appearance.

On November 18, 2004, the parties stipulated that appellant owed a balance of $8,713.50. Appellant informed the trial court she had completed her community service and faxed proof of completion to her probation officer. She opposed an extension of her probation and requested that the court convert the monetary balance owed to a civil judgment. The court found appellant in violation of her probation, revoked probation, and reinstated it on the same terms and conditions, with a new expiration date of November 18, 2009.

Appellant contends the trial court erred in finding her in violation of her probation, because the evidence was insufficient to establish she violated the terms of her probation. She argues she paid $8,713.70 over the course of eight years and three months, an average payment of $88.18 per month. She argues, therefore, she complied with the order to pay $50 or more per month and was not in violation of her probation conditions.

---

[3] The report actually states "records reflect forty one (43) payments . . . ." Given the prior report of 42 payments, it is clear that as between 41 and 43, 43 is the more accurate figure.

Penal Code section 1203.2, subdivision (a) authorizes a trial court to revoke probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . ." The applicable standard of proof is a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441 [272 Cal.Rptr. 613, 795 P.2d 783].)

Appellant was required to pay $15,862 in restitution, at a minimum payment of $50 per month. By November 2004, she had not paid the full amount of the restitution. In her reply brief, appellant also admits she had not paid a minimum of $50 per month, as she made no payments at all before her first revocation and reinstatement in November 1999. The record reveals appellant made 43 payments as of September 3, 2004. At that time, she had been on probation for at least 95 months. It is clear, therefore, appellant had not complied with the requirement of making monthly payments of any amount during at least 52 of the months spent on probation. Although appellant contends she made an additional three payments by the November 18, 2004 hearing, the undeniable fact is that she had not made monthly payments toward restitution. Examining appellant's payments made after the November 1999 reinstatement, appellant had not made monthly payments, as at least 57 months had elapsed between reinstatement and September 2004, and she had made only 43 payments. Accordingly, ample evidence showed appellant was in violation of the conditions of her probation, in that she neither paid the full amount of the restitution order nor made the minimum required monthly payment each month she spent on probation. The trial court's conclusion was therefore supported by substantial evidence.

3. *In November 2004, the trial court improperly extended appellant's probation for an additional five years.*

█ Despite the permissibility of the trial court's conclusion on November 18, 2004, that appellant violated her probation, the court lacked authority to extend appellant's probation. By that time, she had already spent approximately two and one-half years longer on probation than the maximum allowable statutory probationary period. Appellant objected to the prosecutor's suggestion that the court extend probation for an additional five years. Because appellant did not lead the court into making this error, and she timely appealed, she properly raises the issue on appeal.[4]

---

[4] In her opening brief, appellant argued the trial court improperly extended her probationary term, but relied upon a different rationale. Given the more compelling arguments raised by amicus curiae regarding extension of the probationary term, we do not address the rationale set forth in appellant's opening and reply briefs.

Respondent asks this court to vacate the trial court's orders reinstating appellant on probation and extending its duration. This would leave the court's order revoking probation in effect and permit the court to determine anew how to treat appellant's probation violation. Although the court did not err by reinstating appellant on probation, the proper disposition would appear to be to vacate that order, as well as the erroneous order extending appellant's probation. (See *People v. Ottovich, supra,* 41 Cal.App.3d at p. 535 [appellate court vacated trial court's orders reinstating and extending probation where trial court violated Penal Code section 1203.2 by extending probation before expiration of probationary term].) Had the court realized on November 18, 2004, that it could not legally extend appellant's probation, it may have chosen to either reinstate her probation for the short balance of its term or to terminate her probation and impose sentence. That decision was completely within the court's purview. The situation is roughly analogous to a sentencing decision made by a court that was unaware of, or mistaken regarding, its discretion, which generally results in a remand for a proper exercise of discretion. (See, e.g., *People v. Meloney* (2003) 30 Cal.4th 1145, 1151 [135 Cal.Rptr.2d 602, 70 P.3d 1023].) Vacating the orders reinstating appellant on probation and extending its duration will restore the court to the position it occupied before erroneously extending her probation, thereby permitting it to exercise its discretion regarding appellant's probation in a proper fashion.

Respondent argues that because appellant's probationary term expired November 23, 2004, the trial court could, upon remand, "properly set aside the revocation . . . and impose a new five-year probationary term under Penal Code section 1203.2, subdivision (e)." Amicus curiae argues the pertinent portion of Penal Code section 1203.2, subdivision (e) is vestigial and has no application in the wake of *People v. Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313] (requiring notice and a hearing prior to final probation revocation) and the 1977 addition of the tolling provision to Penal Code section 1203.2, subdivision (a). In essence, the theory set forth by amicus curiae is that because probation revocation serves to toll the running of the probationary period if the defendant is found to have violated probation, an order "setting aside . . . the revocation of probation" following a probation violation will never be "made after the expiration of the probationary period." If the court does not find the defendant in violation of probation, it cannot extend or reimpose probation (*People v. Medeiros, supra,* 25 Cal.App.4th at pp. 1267–1268), and if the probationary period has already expired, the court cannot revoke probation. (Pen. Code, § 1203.3, subd. (a); *In re Griffin, supra,* 67 Cal.3d at p. 346.) Amicus curiae admits the provisions of subdivision (e) do not conflict with any other provision of law and may have some effect in the future, if other principles of law changed.

The circumstances of this case illustrate, however, at least one possible application of the third sentence of section 1203.2, subdivision (e). Because appellant's probationary period has expired during the pendency of this appeal, remand to the trial court after vacating its order reinstating appellant's probation would permit the trial court to make a new "order setting aside . . . the revocation of probation" following expiration of the probationary period. The court could then reimpose appellant's probation "for that period and with those terms and conditions as it could have done immediately following conviction." Application in this context would appear to be consistent with the widely-acknowledged purpose of the statutory provision, which was to provide the court with an alternative to sentencing a defendant to prison following revocation of his or her probation. The provision was added to the statute in 1957 in response to *People v. Brown* (1952) 111 Cal.App.2d 406 [244 P.2d 702], in which the defendant's probation was revoked during the probationary period, but he was not arrested until 14 years later. At that time, his probationary period had expired, and the only course of action available to the trial court was to pronounce judgment. The third sentence of subdivision (e) was added to give the court the option of reimposing probation. (*People v. Medeiros, supra*, 25 Cal.App.4th at p. 1265; *People v. DePaul* (1982) 137 Cal.App.3d 409, 412–413 [187 Cal.Rptr. 82]; *People v. Ottovich, supra*, 41 Cal.App.3d at pp. 534–535; *People v. Carter* (1965) 233 Cal.App.2d 260, 267–268 [43 Cal.Rptr. 440].) Because the Legislature has not repealed this statutory provision and it does not conflict with any other provision of law, upon remand the court should be free to apply the statute by reimposing a new term of probation upon appellant for a maximum of five years.

Although the potential application of Penal Code section 1203.2, subdivision (e) to appellant as a result of the trial court's error and her appeal may appear, at first glance, to unfairly subject her to a longer period of probation, she benefited from the court's decision to reinstate her probation, rather than send her to prison. She remained free from incarceration and may have been able to make additional progress toward satisfaction of her restitution obligation. On remand, the court may conclude that appellant has spent sufficient time on probation and decide not to exercise the authority given it by subdivision (e), but to simply convert appellant's remaining restitution debt to a civil judgment, as she expressly requested at the November 18, 2004 hearing. (Pen. Code, § 1203, subd. (j).)

## DISPOSITION

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

Rubin, Acting P. J., and Flier, J., concurred.

A petition for a rehearing was denied December 27, 2005, and on January 5, 2006, the opinion was modified to read as printed above.