Filed 12/23/20  P. v. Traylor CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY TRAYLOR,<br><br>    Defendant and Appellant. | 2d Crim. No. B301345<br>(Super. Ct. No. YA099964)<br>(Los Angeles County) |

In May 2019, appellant Tony Traylor was charged with a single count of possession for sale of a controlled substance (Health & Saf. Code § 11378) with a prior strike conviction (Pen. Code §§ 667, subd. (d), 1170.12, subd. (b)).[1]  Appellant pled no contest to the charge and the trial court suspended imposition of sentence and placed him on formal probation for three years. The court ordered him to serve 240 days in county jail.  Among other things, the probation conditions require that appellant

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

"[o]bey all laws, rules, regulations and orders of the court and of the probation department." (All caps. and emphasis omitted.)

Two months later, the trial court revoked probation after being notified of a possible probation violation. Appellant admitted the violation and probation was reinstated. The following month, the District Attorney sought revocation based on a possible domestic violence incident. Following a hearing, the court found appellant had violated his probation terms, terminated probation and imposed the midterm of two years in state prison. We affirm.

FACTUAL BACKGROUND

Appellant and the victim have a child together. On August 2, 2019, appellant tried to enter the victim's house. The victim stood in the doorway, blocking his entry. At some point, the two of them fell to the floor and the victim sustained an injury to her thumb.

The police were called. The victim reported that appellant had barged into her house and attacked her. She said her "whole body" was injured.

At the hearing, the victim testified that appellant did not attack her and that she lied to the police to get appellant to leave. The victim denied that appellant grabbed her, threw her to the ground and told her he was going to kill her. The victim wanted appellant to leave the house because he was under the influence and behaving in a rude and obnoxious manner. She admitted they did "shak[e] each other around."

The trial court found sufficient evidence of a probation violation. The court revoked and terminated probation.

DISCUSSION

"[S]ection 1203.2, subdivision (a) authorizes a trial court to revoke probation 'if the interests of justice so require and the

2

court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . .'" (*People v. Jackson* (2005) 134 Cal.App.4th 929, 935.) "'As the language of section 1203.2 would suggest, the determination whether to . . . revoke probation is largely discretionary.' [Citation.] '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' [Citation.] However, the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation." (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

We review a probation revocation decision under the substantial evidence standard and give great deference to the trial court's decision, bearing in mind that "'[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.] [¶] 'The discretion of the court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. [Citations.]' [Citation.] 'Many times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense. [Citation.]' [Citation.] "'[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .'" [Citation.] And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant." (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "When the record reveals that a defendant's violation of the terms of probation was the result of irresponsible or willful

3

behavior, termination of probation and imposition of a prison sentence is no abuse of discretion." (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.)

The revocation petition charged appellant with violating probation by failing to report to probation and by inflicting corporal injury upon the mother of his child which resulted in a traumatic condition (§ 273.5, subd. (a)). "A traumatic condition is a wound or other bodily injury, whether minor or serious, caused by the direct application of physical force." (CALCRIM No. 840, italics omitted.)

Appellant does not dispute that he and the victim had some type of altercation. He contends the evidence does not support the trial court's determination that he willfully violated the terms of his probation. Admittedly, the victim was recalcitrant and recanted many of the statements made to the police at the time of the incident. After viewing a video recording of those statements, the victim conceded that appellant had "got on top of" her while she was holding him and that they fell to the floor, causing her to injure her thumb. She was "not sure" why she had told the police that appellant barged into her house, attacked her and threatened to kill her. Her only explanation was that appellant was under the influence and behaving badly, and that she wanted him to leave.

It was well within the trial court's discretion to believe the victim's recorded statements, which were admissible as prior inconsistent statements offered for the truth of the matters asserted. (*People v. Green* (1971) 3 Cal.3d 981, 985.) Those statements were admissible both for impeachment and "to prove their substance." (*People v. Hawthorne* (1992) 4 Cal.4th 43, 55, fn. 4; Evid. Code, §§ 770, 1235.)

4

DISPOSITION

The judgment (order revoking probation) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, Acting P.J.


TANGEMAN, J.

Hector M. Guzman, Judge
Superior Court County of Los Angeles

_____

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.