Filed 4/26/16  P. v. Salauyou CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>TSIMAFEI SALAUYOU,<br><br>    Defendant and Appellant. | H041070<br>(Santa Clara County<br>Super. Ct. No. CC619511) |

## I. INTRODUCTION

At issue in this appeal is whether the trial court unlawfully extended a defendant's probation term twice to allow him to make more victim restitution payments and whether defendant has timely challenged either extension.

On March 1, 2007, the court suspended imposition of sentence and placed defendant Tsimafei Salauyou on felony probation for five years following his no contest plea to driving with a blood alcohol level in excess of .08 percent (Veh. Code, § 23153, subd. (b)) and his admission of personally inflicting great bodily injury (Pen. Code, §§ 12022.7, subd. (a); 1203, subd. (e)(3)).[1]  In July 2011, the court extended the probation term for one year to March 2013 without finding a probation violation in light

---

[1] Unspecified section references are to the Penal Code.

of evidence that defendant had not fully paid victim restitution in the amount of $404,136 as ordered in March 2007. In February 2013, the court summarily revoked defendant's probation. Facing allegations of a willful failure to pay and a petition seeking modification of probation, in May 2013 defendant agreed to a new five-year probation term based on the petition being withdrawn without a violation being found. Defendant did not appeal from either order extending probation. Instead, in January 2014, defendant filed a motion requesting termination of probation because neither term extension was authorized without a finding of a probation violation. Defendant has appealed from the court's April 2014 denial of his motion.

The Attorney General contends that it is too late now for defendant to challenge either appealable order. Moreover, he is estopped from challenging the May 2013 order to which he stipulated. Relying on this court's recent decision in *People v. Sem* (2014) 229 Cal.App.4th 1176 (*Sem*), defendant contends he is not estopped and the trial court lacked authority to extend his probation on either occasion. For the reasons stated below, we find defendant's circumstances significantly different from *Sem* and we will affirm the order.

## II. TRIAL COURT PROCEEDINGS

### A. *CHARGES AND PLEA*

A traffic accident on January 15, 2006 led to defendant being charged with driving under the influence and personally inflicting great bodily injury on another driver, Millicent Phillips (count 1; Veh. Code, § 23153, subd. (a)); §§ 12022.7, subd. (a), 1203, subd. (e)(3)) and driving with a blood alcohol level exceeding .08 percent and personally inflicting great bodily injury (count 2; Veh. Code, § 23153, subd. (b)); §§ 12022.7, subd. (a), 1203, subd. (e)(3)). Defendant's blood alcohol level was .17 percent. Phillips suffered broken ribs, a broken right leg, facial fractures, and other injuries.

On June 28, 2006, defendant agreed as advised by counsel to accept a court offer of a two-year top by pleading no contest to count 2. Defendant acknowledged that his

2

maximum sentence could be six years, but if sentenced to prison it would be for no more or less than two years. He could also be placed on probation for up to five years. After waiving his rights, defendant pleaded no contest to count 2 and admitted personally inflicting great bodily injury.

### B. *IMPOSITION AND EXTENSION OF PROBATION*

Sentencing was originally scheduled for August 11, 2006. After a number of continuances, a hearing was held on March 1, 2007. The court stated there had already been two separate full discussions as well as a full discussion at the bench.[2] Defense counsel agreed to submit the matter. The court suspended imposition of sentence and placed defendant on formal probation for five years. Among the conditions of probation were that defendant serve 364 days in jail and pay victim restitution of $404,136. Defendant accepted probation on the stated terms and conditions.

A judgment and victim restitution order signed by defendant and the court was filed on May 1, 2007 ordering defendant to make victim restitution payments totaling $404,136 through the Department of Revenue.

On December 29, 2008, defendant was arrested for kicking his girlfriend with his bare foot and a protective order issued two days later. On January 8, 2009, the protective order was terminated when the district attorney declined to file new charges, but defendant was arraigned on a violation of probation and remanded into custody.[3]

---

[2] No reporter's transcript of any preliminary discussions appears in the record on appeal.

At the outset of the hearing on March 1, 2007, the court announced it had read and considered the original probation report for August 11, a supplemental memo dated September 5, and a supplemental report dated September 26, 2006. Only the original report has been included in the record on appeal.

[3] No petition to revoke probation based on this incident appears in the record. It is described in defendant's motion for release and a probation department memo.

3

Defendant responded with a motion for release on his own recognizance or alternatively for reasonable bail. He explained that he is a Russian citizen with an asylum petition pending in a federal immigration court. He had made regular restitution payments of $150 per month since December 2007. After interviewing defendant and his girlfriend, the probation department agreed that he should be released on his own recognizance. At a hearing on March 4, 2009, the court found no probation violation, reinstated probation, and ordered defendant released.

At a hearing on June 9, 2011, probation was revoked. Defendant was directed to apply for a "prob[ation] transfer." On July 12, 2011, a "petition for modification of term of probation" was filed by the probation department. (Capitalization omitted.) The petition gave the following "reason for the hearing." (Capitalization omitted.) "The defendant failed to pay Victim Restitution in full as ordered by the Court. The amount ordered to Millicent Phillips was $404,136.00 with an unpaid balance of $397,900.00. The defendant has made monthly payments in the amount of $150, with the last payment on April 22, 2011, but Probation is due to expire on March 1, 2012, and Victim Restitution will not be paid in full."

The petition recommended revocation of probation.

At a hearing on July 12, defense counsel argued that the failure to pay was not willful. With defendant's annual wages of $30,000, it was impossible for him to pay the full amount before the end of probation. He was paying what he could as well as supporting his fiancée. The prosecutor argued that probation could have been imposed for six years based on the underlying crime instead of five and that defendant was spending his money on other items, his fiancée's rent as well as his own, and child care of $1,600. Defendant could afford to pay more than $150 monthly.

The court stated, "based on what I know, I don't think I should violate him, so I'm going to set aside the revocation. Probation is reinstated on the original terms and

4

conditions. [¶] I will modify the probation and extend it a year. [¶] Order that you pay $300 a month." Probation was extended to March 1, 2013.

At a hearing on February 26, 2013, the court ordered a maximum wage garnishment of 25 percent and probation was revoked based on a probation department memo noting that probation was due to expire on March 1, 2013. At a hearing on April 9, 2013, defendant unsuccessfully objected to the probation revocation.[4]

On May 20, 2013, a second "petition for modification of term of probation" was filed. (Capitalization omitted.) The petition gave the following "reason for the hearing." (Capitalization omitted.) "The defendant failed to pay Victim Restitution in full as ordered by the Court. The amount ordered to Millicent Phillips was $404,136.00. The current unpaid balance is $391,287.75. The defendant has been making regular payments as ordered at his last court date, but Probation was due to expire on 3/1/13, and Victim Restitution was not paid in full. The Court has requested a full report."

The prosecutor separately filed "violation of probation allegations" (capitalization omitted) that "[t]he Defendant has willfully failed to pay restitution to the best of his ability. [For example, the defendant has been paying into 401k and stock purchase plans at his place of employment. The amount of payment on his 3/15/13 paycheck is $392.33.]"

At a hearing on May 20, 2013, the court explained that, based on informal discussion with defense counsel and the prosecutor, "[m]y understanding is that I believe the petition for alleged violation of probation will be withdrawn." The prosecutor agreed. The court continued, "[a]nd that would be withdrawn as a result of our discussion, wherein the court would reinstate probation under the original terms and conditions, modify probation to include a new five-year grant from that date." Defense counsel

---

[4] No reporter's transcript of either hearing appears in the record on appeal.

agreed.  Defense counsel also pointed out that defendant was entitled to an offset of $115,530.50 based on an insurance payment to the victim.  The court stated:  "[p]robation will be modified with a new grant of five years, to expire five years from today's date.  Today being the 20th of May 2013[,] [i]t would expire May 20, 2018.  So it's reinstated under the original terms and conditions."  The court recognized that defendant was paying $474.50 every two weeks through a wage garnishment.

At the end of the hearing was the following discussion.

"[Prosecutor]:  . . . I think counsel wanted to make sure the minute order reflects this was not a violation of probation, so as not to affect his green card status.

"[The Court]:  Correct.  So that's why the petition was ordered off calend[a]r.  [¶]  So there's no adjudication of the violation.

"[Defense Counsel]:  And no finding?

"[The Court]:  No finding."

On January 14, 2014, defendant filed a motion to terminate probation.  He contended that the original one-year probation extension was unauthorized, so the court did not have jurisdiction to impose a later five-year extension.  Alternatively, the five-year extension was unauthorized absent an established probation violation.

On February 14, 2014, the probation department submitted an "Order for Restitution and Abstract of Judgment (Judicial Council Form CR-110/JV-790)" for the judge's signature.  The judge signed the order at a hearing ten days later, ordering defendant to pay the victim $266,404.00.

On April 9, 2014, the probation department filed opposition to early termination of probation.  The prosecutor also opposed defendant's motion.

At a hearing on April 9, defendant argued that there was no basis for extending his initial probation grant from five to six years on July 12, 2011 "because there was no violation and no modification of probation, no finding of violation . . . ."  Also, the court was not authorized to extend probation five years on May 20, 2013.  "[E]ven if it was a

6

negotiated disposition with the Court and his counsel . . . he can't waive his statutory rights in that manner . . . without a finding of wrongdoing." Defense counsel acknowledged in response to a question by the court, "The maximum period of probation for this case based upon his plea was—would have been six years."

The prosecutor responded that no violation of probation was needed to authorize extending probation to the maximum term in 2011. In May 2013, the only reason there was no finding of a probation violation was that defense counsel was concerned about adverse consequences for defendant's pending immigration request. To accommodate that concern, counsel and the court worked out a negotiated disposition agreeing to a new five-year grant if the petition was withdrawn. "I understand that we didn't have an express finding of violation of probation but it was everybody's understanding that it was in violation of probation when we were talking about this in chambers and the defendant agreed to the five years." Defendant was estopped from changing his position.

The court ruled: "[T]he July 11, 2012 extension of probation was valid pursuant to *People v. Cookson* and Penal Code Section 1203.3(a). [¶] The Court will further find that the May 20th, 2013 imposition of new grant of probation is appropriate and valid given the authority of the Court pursuant to Penal Code 1203.2(e) together with the negotiated plea that was executed and entered into by respective parties. So the motion to terminate probation at this time is denied."

### III. ANALYSIS

#### A. *APPEALABILITY*

In *Sem*, *supra*, 229 Cal.App.4th 1176, 1186, we discussed the appealability of orders revoking and reinstating probation. "An order revoking probation while imposition of judgment is suspended is not directly appealable, but is reviewable on appeal from the judgment following the revocation. (*People v. Robinson* (1954) 43 Cal.2d 143, 145; *People v. Delles* (1968) 69 Cal.2d 906, 908-909; *People v. Avery* (1986) 179 Cal.App.3d 1198, 1201, fn. 5; contra *People v. Woods* (1978) 84 Cal.App.3d 149,

154.)  It is the disposition after a probation revocation that is appealable.  Defendant correctly contends that the January 15, 2013 order reinstating and extending probation was the first ruling appealable essentially as an order after judgment affecting defendant's substantial rights.  (§ 1237, subd. (b); *In re Bine* (1957) 47 Cal.2d 814, 817; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [(*Ramirez*)].)"

Unlike the revocation order in *Sem*, which we concluded was not appealable, an order modifying probation is appealable as an order after judgment affecting a party's substantial rights, considering that an order granting probation is deemed a final judgment in section 1237.  (*In re Bine*, *supra*, 47 Cal.2d at p. 817.)

An order granting probation, like an order modifying probation, is immediately appealable.  Appellate courts do not allow probationers to extend the time for appeal by the device of appealing from an order denying a motion to modify probation conditions instead of appealing from the initial imposition of conditions.  (*People v. Djekich* (1991) 229 Cal.App.3d 1213, 1219.)  This is analogous to the restrictions imposed on motions to vacate criminal convictions.  *People v. Totari* (2002) 28 Cal.4th 876, 882, explained: "Although section 1237, subdivision (b), literally permits an appeal from any postjudgment order that affects the 'substantial rights' of the defendant, the right to appeal is limited by the qualification that, ordinarily, no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment.  (*People v. Thomas* (1959) 52 Cal.2d 521, 527 (*Thomas*).)  'In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limit[] within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment.' "

*Ramirez, supra,* 159 Cal.App.4th 1412, cited by neither side, is educational.  In that case, in July 2003 the trial court imposed a four-year middle term prison sentence for

8

a drug offense, but suspended execution of the sentence and placed the defendant on three years probation. (*Id.* at p. 1418.) In December 2004, to resolve new sexual assault charges and have probation reinstated, the defendant generally admitted that the court could find a violation of probation without admitting any particular crime and agreed the court could increase his sentence to the five-year upper term. (*Id.* at pp. 1418-1419 & fn. 2.) After another probation violation, in August 2006 the court revoked probation and imposed the five-year sentence, from which the defendant appealed. (*Id.* at pp. 1419-1420.)

On appeal, the defendant challenged the court's authority to revoke probation and to increase the sentence in December 2004. The Attorney General questioned the timeliness of those appellate arguments. (*Ramirez, supra,* 159 Cal.App.4th at p. 1420.) The court noted: "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citation.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation." (*Id.* at p. 1421)

The appellate court observed that the defendant's challenge of the December 2004 order appeared "to be untimely." (*Ramirez, supra,* 159 Cal.App.4th at p. 1421.) However, the defendant was able to raise at any time the court's lack of fundamental jurisdiction. (*Id.* at pp. 1422-1423.) Therefore, the timeliness of the challenge depended on the defendant establishing a jurisdictional defect.

The appellate court concluded that the trial court lacked authority to increase the initial sentence after it became final. (*Ramirez, supra,* 159 Cal.App.4th at p. 1420 at pp. 1423-1425.) However, the appellate court further concluded that "the court merely exceeded its jurisdiction but did not lack jurisdiction in any fundamental sense over appellant or the subject matter." (*Id.* at p. 1427.) Because there was no lack of

9

fundamental jurisdiction, the court concluded that defendant had "forfeited his challenge to the December 2004 order by failing to seek a timely appeal from that order."  (*Ibid.*, fn. omitted.)

Similarly, because defendant could have appealed from the one-year extension of probation in July 2012 and the five-year extension in May 2013, we conclude that he is unable to challenge those rulings without establishing that the court lacked fundamental jurisdiction to make either ruling.

## B. *JURISDICTION TO EXTEND PROBATION TERM ONE YEAR*

Defendant contends that the trial court exceeded its jurisdiction by extending his five-year probation term to six years in July 2011.

In a series of cases, this court has considered what adjustments may be made to a defendant's probation term to allow more time to pay victim restitution.  (*People v. Medeiros* (1994) 25 Cal.App.4th 1260 (*Medeiros*); *People v. Freidt* (2013) 222 Cal.App.4th 16; *Sem*, *supra*, 229 Cal.App.4th 1176.)[5]  We noted there is an inevitable tension between a California crime victim's right to full restitution for the economic losses resulting from criminal conduct and a defendant's right to avoid being incarcerated based on an inability to pay full restitution.

In 1982, the Victims' Bill of Rights added to California's Constitution "the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.'  (Cal. Const., art. I, § 28, subd. (b).)"  (*People v. Giordano* (2007) 42 Cal.4th 644, 652.)  With rare exceptions, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court

---

[5]  Our opinion in *Sem* was filed on September 17, 2014, almost two months before the Attorney General's brief, but it is mentioned only in defendant's reply brief.

order . . . . The court shall order *full restitution* unless it finds compelling and extraordinary reasons for not doing so and states them on the record." (§ 1202.4, subd. (f), our emphasis.) "[T]he restitution order . . . shall be of a dollar amount that is sufficient to *fully reimburse* the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct . . . ." (*Id.* at subd. (f)(3).. Section 1202.4 mandates victim restitution in every case involving conviction of a crime regardless of the disposition. Section 1203.1 applies when restitution is ordered as a condition of probation.

On the other hand, a period of felony probation ordinarily cannot exceed "the maximum possible term of the sentence" except that it may be up to five years when "the maximum possible term of the sentence is five years or less . . . ." (§ 1203.1, subd. (a).) "[A] probation violation must be willful to justify revocation of probation." (*Sem*, *supra*, 229 Cal.App.4th 1176, 1187, and cases there cited.) In particular, probation "[s]upervision shall not be revoked for failure of a person to make restitution imposed as a condition of supervision unless the court determines that the defendant has willfully failed to pay and has the ability to pay. Restitution shall be consistent with a person's ability to pay." (§ 1203.2, subd. (a) [the 1983 amendment].)

In some cases, payment of full restitution may be impossible within five years or even in a defendant's remaining life if the defendant's financial ability is limited and the victim restitution award is high.

In *Sem*, we explained that *People v. Cookson* (1991) 54 Cal.3d 1091, 1096 (*Cookson*), interpreted and applied the 1983 amendment of section 1203.2, subdivision (a). (*Sem*, *supra*, 229 Cal.App.4th at p. 1189.) "*Cookson* . . . determined that, even though probation cannot be revoked without a prior violation and a nonwillful failure to pay is not a revocable violation, a nonwillful failure to pay the full amount of restitution is a change in circumstances authorizing a court to modify probation by extending it. (*Cookson, supra,* at pp. 1095, 1098.) *Cookson* upheld an order extending the

11

probationary period from three years to five to assure that restitution would be made. (*Id.* at pp. 1093.)" (*Sem, supra*, at p. 1190.)

Defendant correctly relies on *Cookson* as establishing that it would exceed a court's jurisdiction to modify probation based on the same facts underlying the initial probation grant. (*Cookson, supra*, 54 Cal.3d at p. 1095.) However, defendant has overlooked the conclusions of *Cookson*. "[S]ection 1203.2(a) does not prohibit a court from extending a term of probation when the probationer fails to pay restitution as ordered because of an inability to pay." (*Id.* at p. 1097.) Under the probation statutes, "the sentencing court need not await a violation of the conditions of probation before it may modify the conditions of probation." (*Id.* at p. 1098.)

Defendant contends that the court in July 2011 extended his "probation for an additional year without finding that he violated his probation and without evidence of any change in circumstances. [Defendant] had not missed any restitution payments and had not violated his probation in any way." That was equally true of Mr. Cookson. "[T]he department ordered that defendant pay $12,000, and devised a monthly payment schedule. Defendant made all monthly payments as required by the department, but at the end of three years he had paid only a part of the total amount originally ordered. On motion by the department, the trial court ordered defendant's probation extended for two years to assure further restitution would be made." (*Cookson, supra*, 54 Cal.3d at p. 1093.)

Defendant also relies on *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*). As we noted in *Sem, supra*, 229 Cal.App.4th 1176, "the central issue in *Leiva* involved an attempt to establish a probation violation that occurred after the court-imposed probationary period had elapsed . . . ." (*Id.* at p. 1192.) That is not our situation.

The trial court correctly concluded that the one-year extension in July 2011 was authorized under *Cookson* based on the evidence that defendant would not have fully

paid the victim restitution ordered by the end of the original five-year probation term. There was no judicial error, let alone a fundamental lack of jurisdiction.

## C. *JURISDICTION TO EXTEND PROBATION FIVE YEARS*

Defendant contends the trial court exceeded its jurisdiction in extending his probation term for five more years in May 2013.

We also discussed this topic in *Sem*. That defendant was originally placed on probation for three years in January 2004 and ordered to pay $60,422. (*Sem, supra*, 229 Cal.App.4th at p. 1181.) In November 2006, a petition to modify probation alleged that she had a remaining unpaid balance of over $50,000. (*Ibid.*) At a hearing in April 2007, we concluded that she implicitly admitted allegations of willful failure to pay while having the ability to pay. (*Id.* at pp. 1182, 1187-1188.) The court revoked probation (*id.* at p. 1182), but then kept her in a state of "suspended animation" (*id*. at p. 1180). As we explained, "The trial court exercised none of its statutory options upon formally revoking probation on April 19, 2007. It did not discharge defendant from probation. It did not sentence defendant to prison. It did not reinstate probation on modified terms, at least not before January 15, 2013." (*Id.* at p. 1192.)

The problem in *Sem* was that the trial court lacked authority after revoking probation to keep a probationer in a "perpetually revoked status . . . until long after the expiration of the probationary period." (*Sem, supra*, 229 Cal.App.4th at p. 1180.) "Based on an admission that defendant had willfully failed to pay restitution, the trial court could have revoked probation and, as an alternative to sentencing defendant to prison, could have reinstated probation 'for that period and with those terms and conditions as it could have done immediately following conviction.' (§ 1203.2, subd. (e).) Because the maximum prison sentence for felony welfare fraud is three years, the court could have reinstated probation for up to five more years, until April 19, 2012. (§ 1203.1, subd. (a).)" (*Id.* at pp. 1191-1192, fn. omitted.) *Sem* thus acknowledged an

exception to the original maximum probation term specified in section 1203.1, subdivision (a), when a 1957 amendment of section 1203.2, subdivision (e) applies.[6]

We reiterated the effect of this amendment in *Medeiros*, *supra*, 25 Cal.App.4th 1260. " 'The purpose of the amendment (Pen.Code, § 1203.2) was to liberalize the rule and permit the court not only to retain the right to impose sentence at a subsequent time, but also to extend the original term of probation to the maximum time for which it could have been originally fixed in lieu of sentencing or, as an alternative, to grant a completely new term of probation without reference to the length of the original term or time served under it. As would the original, the period of the new term would be limited in time only by the length of the maximum period for which the defendant could be sentenced for the original offense.' " (*Id.* at p. 1265, quoting *People v. Carter* (1965) 233 Cal.App.2d 260, 267-268.) In *Medeiros*, we concluded that this probation term exception does not apply when there is no evidence of a willful violation of probation justifying revocation. (*Id.* at p. 1266.)

In his reply brief, defendant contends that he is in the same position as Monica Medeiros, with the trial court extending his probation beyond the initial statutory maximum without finding a willful failure to pay restitution. In that case, however, the trial court reinstated probation and extended it for five more years after five years on

---

[6] That subdivision provides: "If probation has been revoked before the judgment has been pronounced, the order revoking probation may be set aside for good cause upon motion made before pronouncement of judgment. If probation has been revoked after the judgment has been pronounced, the judgment and the order which revoked the probation may be set aside for good cause within 30 days after the court has notice that the execution of the sentence has commenced. If an order setting aside the judgment, the revocation of probation, or both is made after the expiration of the probationary period, the court may again place the person on probation for that period and with those terms and conditions as it could have done immediately following conviction." (§ 1203.2, subd. (e).)

14

probation despite finding that she "was not in violation of her probation . . . ." (*Medeiros, supra*, 25 Cal.App.4th at p. 1262.)

In this case, there was no express finding of a probation violation on May 20, 2013, but neither was there a finding of no violation. There was uncontradicted evidence that the probation violation allegations were withdrawn to accommodate defendant's concern over the potential negative impact of a probation violation on his immigration status. On May 20, 2013, defendant stipulated to a five-year probation extension conditioned on withdrawal of the petition and the absence of a judicial finding.

Here, as in *Sem*, the Attorney General relies on *In re Griffin* (1967) 67 Cal.2d 343 (*Griffin*) to assert that defendant is estopped to challenge the five-year probation extension. "The defendant in *Griffin* was admitted to probation on condition that he make monthly restitution payments of $100. He failed to make the payments and a revocation hearing was scheduled for shortly before probation was to expire. The defendant obtained a continuance of the hearing in order to hire private counsel. After the hearing and revocation the defendant pointed out that the probationary term had lapsed in the interim. Whether the court had jurisdiction to revoke probation was raised by petition for habeas corpus." (*Sem, supra,* 229 Cal.App.4th 1193.)

"The Supreme Court rejected the notion that untimely revocation deprived the trial court of subject matter jurisdiction. (*Griffin, supra,* 67 Cal.2d at p. 347.) The court discussed general principles of estoppel: 'When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when "To hold otherwise would permit

15

the parties to trifle with the courts." [Citation.] On the other hand waiver of procedural requirements may not be permitted when the allowance of a deviation would lead to confusion in the processing of other cases by other litigants. [Citation.] Substantive rules based on public policy sometimes control the allowance or disallowance of estoppels.' (*Id.* at pp. 347-348.) Specifically, the court concluded that, '[b]y seeking a continuance to a time beyond the end of the probationary term [the defendant] asked the court to do in a manner that was in excess of jurisdiction what it could have done properly by immediately revoking probation and continuing the matter for a hearing and determination as to the alternatives of reinstatement of probation or imposition of sentence.' (*Id.* at pp. 348-349.)" (*Sem*, at pp. 1193-1194.)

In *Sem, supra,* 229 Cal.App.4th 1176, we concluded that the probationer was not estopped to complain of being kept in perpetually revoked status, because it was not her proposal to " 'stop the clock,' " but the trial court's. (*Id.* at p. 1194.) Defendant relies on *Sem*, but his position is quite different. The court and the prosecutor acquiesced to his request to avoid proof and a finding of a probation violation while he agreed to a five-year probation extension in the absence of such a finding. While extension of a probation term beyond the initial maximum period is ordinarily warranted only by an admission or finding of a probation violation, in this case defendant agreed to an extension in order to avoid a formal finding. We conclude he is estopped to argue now that a formal finding was jurisdictional.

In *People v. Ford* (2015) 61 Cal.4th 282 (*Ford*), the Supreme Court recently followed *Griffin* in concluding that a probationer was estopped to challenge a court order imposing victim restitution after expiration of his probation term. The defendant was placed on probation for three years beginning in October 2008. That case, like this one, involved personal infliction of great bodily injury in a traffic accident. The probation department did not calculate an amount of victim restitution until May 2010. The

16

defendant asked for a hearing, and the hearing was continued many times, sometimes at the defendant's request and always with his consent. Probation was also extended three times with defendant's consent to March 30, 2012. After a restitution hearing in January 2012, the defendant was given time to rebut evidence of the victim's losses. It was continued three times in March 2012, last at the prosecutor's request. In April 2012, the defendant objected to further hearings because probation had lapsed. (*Id.* at pp. 285-286.) The Supreme Court noted that the "[d]efendant in this case did not *seek* the [final] continuance. But estoppel can also apply to a party who merely consents to a continuance to a date beyond the court's ordinary authority to act." (*Id.* at p. 288.) "In the circumstances here, where defendant's own requests played a role in delaying the proceedings and defendant did not object to a continuance of the restitution hearing to a date beyond his probationary term, he can be understood to have consented to the continuance." (*Ibid.*)

In *Ramirez*, *supra*, 159 Cal.App.4th 1412, the appellate court not only concluded that the defendant's challenge to a probation modification was untimely, but that he was "estopped to complain that the court exceeded its jurisdiction." (*Id.* at p. 1428.) "In exchange for agreeing to increase his suspended sentence by one year, appellant received the benefit of being reinstated on probation and released from custody. Having accepted the benefits of his plea, he should not now be able to better the bargain by scaling back the increased sentence that was a fundamental component of the plea deal." (*Ibid.*)

The case for estoppel is stronger here than in *Ford*. Like Ramirez, defendant did not merely acquiesce in the court making no finding of a probation violation, he actively requested it. Defendant will not now be heard to complain of the absence of such a finding.

# IV. DISPOSITION

The order denying the request to terminate probation is affirmed.[7]

---

**7** An order denying modification of probation is not appealable unless it raises new grounds not available on appeal from the initial probation grant. Because we have concluded that defendant is raising grounds that could and should have been raised on appeal from the earlier orders extending probation, we could dismiss this appeal as from a nonappealable order. However, because defendant has suggested the earlier orders suffered from a jurisdictional defect, we will instead affirm the latest order.

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.




_____
MÁRQUEZ, J.




*People v. Salauyou*
**H041070**