Filed 6/27/13  P. v. Harding CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHARLES GARRETT HARDING,<br><br>        Defendant and Appellant. | A136150<br><br>(Sonoma County<br>Super. Ct. No. PRS100109) |

Defendant Charles Garrett Harding challenges the trial court's order finding that he violated the terms of his postrelease community supervision (PRCS) and sentencing him to serve 180 days in jail.  We affirm this order and reject Harding's argument that the court was required to state on the record the number of days it added to his PRCS expiration date because of tolling.  We agree, however, that the court's revised expiration date was wrong.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In 2011, Harding was sentenced to four years, eight months in prison after violating his felony probation, and received 1,080 days credit for time served.  The facts of the underlying crimes and the probation violation are set forth in two prior appeals, and are not at issue.  (*People v. Harding* (Oct. 28, 2011, A131334) [nonpub. opn.]; *People v. Harding* (July 29, 2011, A129243) [nonpub. opn.].)

1

Harding was released from prison on January 3, 2012, despite his refusal to sign an agreement that he would comply with his PRCS conditions. Two days later, an arrest warrant was issued after he failed to report to his probation officer, and he was arrested on January 10. The probation officer filed with the court a petition for revocation of community supervision, requesting "that action be taken . . . for a violation of [PRCS]" based on Harding's refusal to sign the PRCS agreement and failure to report. On January 12, Harding's PRCS was preliminarily revoked pending a hearing, and he remained in jail.

On February 8, the court found that Harding had not violated his PRCS conditions because he never agreed to them, but that he had been "released inappropriately" from prison. The court stated that Harding was "subject to post-release supervision, and that's starting as far as I'm concerned from today's date," and ordered that he not be released from jail until he signed the agreement.

On March 2, the court found that because Harding still had not signed the agreement, he "was never effectively placed in [PRCS]" and the Department of Corrections and Rehabilitation (Department) retained jurisdiction over him. The court ordered Harding back to prison, to be released only if he signed the agreement.

Harding returned to prison on March 6. The same day, he signed his PRCS agreement and was released. On March 8, he again failed to report, and an arrest warrant was issued the next day. On March 29—21 days after he failed to report and 20 days after the warrant was issued—Harding was arrested and taken to jail. His probation officer then filed a petition for revocation asking that Harding's PRCS be revoked and that Harding be ordered to serve 180 days in jail. The petition also requested "that the Court toll the time [Harding] was in warrant status (21 days) . . . and that his maximum discharge date be extended to March 27, 2015."

On May 24, after a contested hearing, the court found that Harding had violated his PRCS conditions. The court did not revoke his PRCS, but ordered him to serve 180 days in jail. It also extended his PRCS expiration date to March 27, 2015, based on

2

Harding's failure to report on March 8 and the resulting tolling of his PRCS period. Harding timely appealed.

## II.
### DISCUSSION

On appeal, Harding argues that the trial court erred by not identifying the number of days of the tolling period it applied to extend his PRCS expiration date. We disagree. But we also conclude that the date the trial court identified as Harding's PRCS expiration date was wrong because it was calculated using an inaccurate PRCS start date and applied an incorrect number of days for tolling.

A. *Statutory Background*

The 2011 Realignment Legislation (Stats. 2011, ch. 15, § 1) (the Realignment Act) "shifted responsibility for housing and supervising certain felons from the state to the individual counties." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671.) A qualifying felon is subject to PRCS "for a period not exceeding three years immediately following release." (Pen. Code, § 3451, subd. (a).)[1] The Act lists several conditions of PRCS, and counties may impose additional conditions tailored to individual offenders. (§ 3454, subds. (a)-(b).) Those "eligible for [PRCS]" have to "enter into a [PRCS] agreement prior to, and as a condition of, their release from prison." (§ 3452, subd. (a).)

Trial courts can hear petitions "to revoke and terminate" PRCS. (§ 3455, subd. (a).) If a court finds a violation of a PRCS condition, it can, among other things, "[r]eturn the person to [PRCS] with modifications of conditions" or "[r]evoke [PRCS]" and, in either case, order up to 180 days of jail time. (§ 3455, subds. (a)(1)-(2), (c).)

A person cannot "remain under supervision or in custody . . . on or after three years from the date of the person's initial entry onto [PRCS]." (§ 3455, subd. (e).) The only exception is if "supervision is tolled" pursuant to section 3455, subdivision (d)

---

[1] Unless otherwise noted, all further statutory references are to the version of the Penal Code in effect at the time these events took place. The Realignment Act has since been amended. (Stats. 2012, ch. 43, § 1.)

because the person fails to report and an arrest warrant is issued. In that case, "[d]uring the time the warrant is outstanding the supervision period shall be tolled and when the person appears before the court . . . the supervision period may be extended for a period equivalent to the time tolled." (§ 3455, subd. (d).)

B. *Determination on Record of Tolling Period*

Harding contends that the trial court erred by not declaring on the record the number of days his PRCS period was tolled. He argues that he cannot determine his PRCS expiration date without such a declaration. But, as Harding recognizes, the court explicitly found that his PRCS expiration date is March 27, 2015. He offers no compelling reason why the court needed to go further by specifically identifying the number of tolled days it used in calculating that expiration date. To the extent he suggests the court had discretion to determine the tolling period's length, he is incorrect. The tolling period is fixed at the amount of time a warrant is outstanding, and nothing in the statute permits a court to extend the expiration date by any other length of time.[2] (See § 3455, subd. (d).)

C. *PRCS Expiration Date*

Under the Realignment Act, the maximum three-year period of PRCS is calculated from the date of "release from prison." (§ 3451, subd. (a); see also § 3455, subd. (e) [supervision or custody cannot last more than "three years from the person's initial entry onto PRCS" except when the PRCS period is tolled].) A court has no jurisdiction to extend the PRCS expiration date past the statutory maximum of three years unless PRCS is tolled. (See *People v. Jackson* (2005) 134 Cal.App.4th 929, 932 [no jurisdiction to extend probation past statutory maximum].)

---

[2] It is true that the statute is ambiguous as to whether the court had discretion not to apply the tolling period at all. (Compare § 3455, subd. (d) ["the supervision period *may be* extended for a period equivalent to the time tolled"] with § 3456, subd. (b) [the tolling period "*shall not be* credited toward any period of [PRCS]"). (Italics added.) We need not resolve this issue because it is undisputed that the court here applied a tolling period to extend the PRCS expiration date.

4

1. PRCS start date

Harding's refusal to sign his PRCS agreement before his release did not prevent PRCS from starting on January 3, the date he was released from prison. Section 3452, subdivision (a) requires that offenders enter a PRCS agreement "prior to, and as a condition of, their release from prison." But nothing in the statute conditions the beginning of PRCS, which occurs as of release from prison, on the defendant's agreement to the PRCS conditions.[3] Thus, Harding's PRCS began upon his release from prison on January 3 even though he had no right to be released on that date because the then-existing statute[4] required the PRCS agreement to be signed beforehand.

Nor was Harding's PRCS start date of January 3 ever "reset." The court's February 8 statement that Harding was "subject to" PRCS as of that date was correct as far as it went, but this finding did not start a new period of PRCS (especially given that Harding was not released at this time, but remained in county jail).

To the extent that the court's March 2 order that the Department retained jurisdiction implicitly found that the statutory maximum period did not begin on January 3, that finding was incorrect. Section 3457 provides that the Department "shall have no jurisdiction over any person who is under [PRCS]." As explained above, Harding was on PRCS as of his January 3 release from prison, at which point the Department lost jurisdiction. In addition, section 3458 provides that no person subject to PRCS "shall be returned to prison for a violation of any condition of the person's [PRCS] agreement." While the court found that Harding had not violated any of his PRCS conditions because he never agreed to them, agreement to the PRCS conditions was itself

---

[3] The PRCS agreement that Harding refused to sign reflects the understanding that PRCS may begin before the agreement is signed. The agreement states, "If you refuse to sign these or any other conditions impose [*sic*] upon you, the supervising county agency may refer the case to a court for revocation proceedings." There would be no need for revocation proceedings upon a refusal to sign the agreement if PRCS only began when the defendant agreed to the conditions.

[4] Section 3452, subdivision (a) was later amended to require only that a prisoner receive notice of the PRCS conditions, not agree to them, before release. (Stats. 2012, ch. 43, § 50.)

a PRCS statutory condition.  (§ 3453, subd. (a).)  Harding's initial entry onto PRCS was January 3, the date of his first release from prison, and the court's order that he return to prison did not affect the running of his PRCS period.

              2. Tolling period

The three-year statutory maximum period can be extended only if a felon absconds.  (§ 3455, subd. (d); see also § 3456, subd. (b).)  The PRCS period is extended by the number of days an arrest warrant is outstanding.  (§ 3455, subd. (d).)  The trial court appears to have arrived at a March 27, 2015 expiration date by adopting the petition for revocation's position that PRCS began on March 6 (rather than January 3), and adding a tolling period of 21 days due to the March warrant.

That warrant was issued on March 9, and Harding was arrested on March 29. Thus, the warrant was outstanding for 20 days, not 21.  It appears that the petition for revocation erroneously measured the tolling period from the day Harding failed to report (March 8), not from the day the warrant was issued.[5]  Harding's PRCS expiration date should have been extended by 20 days, not 21.

Harding also failed to report on January 5.  An arrest warrant was issued the same day, and he was arrested five days later.  The court did not consider this potential tolling period because it predated March 6.  Harding's counsel below questioned the January 5 warrant's validity because the warrant was issued the same day he failed to report instead of the following day.  Future calculation of Harding's PRCS expiration date should use January 3 as the start of the three-year statutory maximum period, reflect that the March tolling period was twenty days, and incorporate any other appropriate tolling periods.

---

[5] A later petition, filed after Harding failed to report again, also shows the error.  That petition sought tolling for 21 days based on the March period (now calculated as 20 days) and an additional day in June 2012.

### III.
### DISPOSITION

The trial court's order finding that Harding violated his PRCS conditions and sentencing him to serve 180 days in jail is affirmed. Future calculation of Harding's PRCS expiration date shall be consistent with this decision.

_____
Humes, J.

We concur:

_____
Reardon, Acting P.J.

_____
Rivera, J.