Filed 7/13/16  P. v. Mundell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C080442 |
| v. | (Super. Ct. No. 15PRCS0165) |
| DAVID MUNDELL, | |
| Defendant and Appellant. | |

The trial court revoked defendant David Mundell's probation and sentenced him to 44 days in county jail.  Defendant now contends there was insufficient evidence that he willfully violated a condition of his probation.  We will affirm the judgment.

BACKGROUND

We recite only the facts relevant to the limited issue on appeal.  Defendant was convicted of committing a lewd or lascivious act on a child over the age of 14 or 15 when he was at least 10 years older than the child.  (Pen. Code, § 288, subd. (c)(l).)  The trial court placed him on probation for three years.

Later, a probation violation petition alleged defendant violated the conditions of his probation by (1) testing positive for marijuana, and (2) knowingly using, handling, or possessing marijuana that was not prescribed by a licensed medical practitioner.  Then, in a second probation violation petition, it was alleged defendant violated the conditions

1

of his probation by (1) knowingly using, handling, or possessing marijuana that was not prescribed by a licensed medical practitioner, and (2) failing to report to the probation department and submit a urine sample as directed by the probation officer.

At the outset of the contested probation revocation hearing, the prosecutor said the People only intended to proceed on the failure to report violation. To prove this violation, the prosecutor called the probation officer to testify regarding defendant's conduct while on probation. The probation officer testified that defendant failed to report to the probation office for a urine test on July 2, 2015, as directed. He explained that while he was not in the office on July 2, 2015, he knew defendant did not report because every person that reports to the probation office for a drug test must sign a log, which is "digitally uploaded into [the] probation program" and electronically stored. The probation officer stated that, prior to filing a probation revocation petition on July 21, 2015, he reviewed probation department computer records showing that defendant did not report to the probation department on July 2, 2015, as directed. Documentary evidence from the probation department was admitted into evidence. One of the documents, which contained chronological details related to defendant's probation, stated that defendant did not report for a drug test on July 2, 2015. The probation officer added that although defendant called him on July 2, 2015, to reschedule the test, the probation officer did not receive defendant's message until sometime later because the probation officer was out of town. Defendant did not testify at the hearing, and no evidence was presented showing that defendant reported to the probation office on July 2, 2015.

The trial court found true the allegation that defendant violated the conditions of his probation by failing to report to the probation office and submit to a drug test as directed by his probation officer. The trial court revoked probation, sentenced defendant to a time-served sentence of 44 days in county jail, and ordered that defendant be returned to supervision under the original terms and conditions.

2

Defendant contends there was insufficient evidence to establish that he willfully violated a condition of his probation.  We disagree.

"Penal Code section 1203.2, subdivision (a) authorizes a trial court to revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . .' " (*People v. Jackson* (2005) 134 Cal.App.4th 929, 935.)  " 'As the language of [Penal Code] section 1203.2 would suggest, the determination whether to . . . revoke probation is largely discretionary.' [Citation.]  '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' [Citation.]  However, the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation." (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

We review a probation revocation decision pursuant to the substantial evidence standard of review and great deference is accorded to the trial court's decision, bearing in mind that " '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.]  [¶]  'The discretion of the court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. [Citations.]' [Citation.]  'Many times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense. [Citation.]' [Citation.]  ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . ." ' [Citation.]  And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. [Citation.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Although this is a close case, substantial evidence supports the trial court's determination that defendant violated the conditions of his probation. The applicable conditions of defendant's probation provide: "You are to follow in all respects any reasonable instructions given to you by the probation officer having your supervision. [¶] . . . [¶] You are to report to probation, to the division of adult probation, at such times and dates as the probation officer having your supervision may direct. [¶] If, for any reason beyond your control, you are unable to report on the assigned date and time, you shall communicate this fact to the division of adult probation on or before [the] assigned date." Here, the evidence in the record shows defendant did not report for a drug test on July 2, 2015, as directed by his probation officer. Although defendant left a message that day asking to reschedule the test, that fact, by itself, did not necessarily relieve him of his obligation to report. Defendant did not present any evidence that his failure to report was due to reasons beyond his control or that he communicated any such circumstances to his probation officer or the probation department on or before July 2, 2015. Even if we might have made a different decision, we cannot say, on this record, that the trial court abused its discretion in revoking defendant's probation. The trial court's decision was neither abusive nor arbitrary.

Defendant notes there is no evidence his failure to report was *not* due to reasons beyond his control. But it was not an abuse of discretion for the trial court to find a violation given that defendant never told the probation department why he could not report.

We also disagree with defendant's claim that the probation revocation would be unsupported if the trial court had properly sustained his objection to the probation officer's testimony. At the probation revocation hearing, the probation officer testified he reviewed probation office computer records prior to filing a probation revocation petition on July 21, 2015. He said the records showed defendant had not reported for a drug test on July 2, 2015. During his testimony, the probation officer referred to a document

4

containing chronological details related to defendant's probation. He testified the document indicated defendant had "no-showed for a urine test" on July 2, 2015. Defense counsel objected to this testimony on the ground that the probation officer lacked personal knowledge of defendant's failure to report because he was out of the office on July 2, 2015. The trial court overruled the objection and admitted the document into evidence.

The trial court did not err in admitting the evidence and allowing the probation officer to testify as to its contents. The evidence was properly admitted to show that defendant failed to report to the probation office as directed. (See *People v. Gomez* (2010) 181 Cal.App.4th 1028, 1038-1039 [trial court properly admitted a probation report prepared based upon electronic records and records prepared by another probation officer, detailing the defendant's failure to, among other things, report to his assigned probation officer].) In *Gomez*, the court noted a serious issue might exist if contradictory evidence was presented. (*Id.* at p. 1039.) Here, however, there is no evidence defendant reported as directed. (See *ibid.* [finding it unnecessary to bring live witnesses to prove what the records showed in the absence of evidence contradicting the information contained in the records].)

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:


/S/
RAYE, P. J.


/S/
HOCH, J.

5