Filed 7/24/23  P. v. Payton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LAJUANE RICHARD PAYTON,<br><br>        Defendant and Appellant. | C096723<br><br>(Super. Ct. Nos. STK-CR-FER-2019-0000022, STK-CR-FE-2020-0004786) |

Defendant Lajuane Richard Payton appeals from orders issued on July 21, 2022, in San Joaquin County Superior Court case numbers STK-CR-FER-2019-0000022 (case No. 0000022) and STK-CR-FE-2020-0004786 (case No. 0004786) denying his motion to eliminate a GPS monitoring probation condition imposed due to his registered sex offender status.  On appeal, defendant argues that an *earlier* order issued on January 10, 2022, that reinstated probation in case No. 0000022, erroneously extended probation beyond the two-year maximum allowed under Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (Stats. 2020, ch. 328, § 2,

1

effective Jan. 1, 2021) (Assembly Bill 1950). (All undesignated statutory references are to the Penal Code.)[1] We conclude that because defendant failed to file a timely appeal from that order, he has forfeited this claim on appeal. We dismiss his appeal as untimely.

FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2019, in case No. 0000022, defendant pled no contest to failure to file a change of address as a registered sex offender. The trial court imposed a sentence of five years of formal probation plus six months in county jail.

On May 15, 2020, the trial court revoked defendant's probation based on an affidavit from a deputy district attorney that defendant failed to annually update his sex offender registry, committed battery on a peace officer, and resisted a peace officer. On June 12, 2020, the court suspended proceedings to assess defendant's competence to stand trial. On July 14, 2020, the trial court found defendant to be competent, and on August 20, 2020, found defendant in violation of probation. On October 1, 2020, during a sentencing hearing on the probation violation, the court again suspended proceedings, and, on December 1, 2020, again found defendant competent to stand trial. On March 12, 2021, at another probation sentencing hearing, the court suspended proceedings. On April 13, 2021, the court found defendant not competent to stand trial.

In the meantime, on August 25, 2020, defendant was charged in case No. 0004786 with failure to annually update his sex offender registration, battery on a peace officer, and resisting a peace officer.

On May 4, 2021, defendant was committed to the Department of State Hospitals in both cases, and, on May 6, 2021, the trial court found defendant not competent.

---

[1] Assembly Bill No. 177 (Stats. 2021, ch. 257, §§ 21, 22), amended and then replaced section 1203.1, as of January 1, 2022, without change to the two-year probation term limit. (*People v. Flores* (2022) 77 Cal.App.5th 420, 429 & fn. 2, review granted June 22, 2022, S274561)

On May 12, 2021, the probation department recommended that defendant's probation term in case No. 0000022 be modified to two years under Assembly Bill 1950. On May 17, 2021, the trial court modified defendant's probation term to two years with an expiration date of August 4, 2021.

On December 30, 2021, the trial court found defendant restored to competency and reinstated criminal proceedings in both cases.

On January 10, 2022, defendant pled no contest to failing to annually update his sex offender registration in case No. 0004786. The trial court placed defendant on formal probation for two years. At the same hearing, defendant's probation violations were dismissed, and probation was reinstated in case No. 0000022. The trial court said, "I'll reinstate your terms and conditions of probation with the same report date."

On June 9, 2022, defendant filed a motion to modify his probation conditions in both cases to eliminate GPS monitoring.

On July 21, 2022, the trial court conducted a hearing and denied the request.

On August 3, 2022, defendant filed a timely notice of appeal in both cases giving July 21, 2022, as the date of the order appealed and stating: "This appeal is after a contested hearing regarding probation conditions."

## DISCUSSION

Defendant contends that his probation in case No. 0000022 was terminated on August 4, 2021, by operation of law under Assembly Bill 1950, which lowered the maximum probation period for a felony under section 1203.1, subdivision (a) to two years. Defendant claims the trial court erred in reinstating his probation and requests remand with directions to the trial court to terminate his probation in case No. 0000022. The People respond that defendant forfeited this claim by failing to file a timely appeal of the trial court's order reinstating probation on January 10, 2022. We agree with the People.

3

A criminal appeal must be filed within 60 days of the order being appealed. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420 (*Ramirez*).) A timely notice of appeal is essential to appellate jurisdiction. (*Id.* at p. 1421.) " 'If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made.' " (*In re Frederick E.H.* (1985) 169 Cal.App.3d 344, 347.)

Here, defendant's appeal of the order denying his motion to eliminate the GPS probation condition was timely. However, defendant seeks to challenge the order reinstating probation in case No. 0000022 issued on January 10, 2022, nearly seven months before he filed a notice of appeal. An order reinstating and extending probation is an appealable order. (See *People v. Sem* (2014) 229 Cal.App.4th 1176, 1186; see also *Ramirez, supra,* 159 Cal.App.4th 1412, 1421.)

In *Ramirez,* the court held that a defendant who elects not to appeal an order cannot raise claims of error regarding that order in an appeal from a later order. (See *Ramirez, supra,* 159 Cal.App.4th at p. 1421.) Defendant has therefore forfeited his challenge to the trial court's order on January 10, 2022, reinstating probation in case No. 0000022 by failing to file a timely appeal. (*Id.,* at p. 1427; see also *People v. Jackson* (2005) 134 Cal.App.4th 929, 932 [a 1999 extension of the defendant's probation past the statutory maximum term "is beyond challenge at this time, as appellant did not timely appeal from that order"].)

Defendant argues that after the expiration of the last day of his probation term in case No. 0000022 — meaning August 4, 2021 — the trial court had no jurisdiction over him. In support of this argument, defendant quotes *People v. Chavez* (2018) 4 Cal.5th 771 (*Chavez*), that: " '[T]he trial court's authority to render judgment ends with the expiration of probation.' " (*Id.* at p. 777.) But the full sentence in *Chavez* reads: "Because the trial court's authority to render judgment ends with the expiration of probation, the court has no power to dismiss under section 1385 once probation is

4

complete." (*Ibid*.) Section 1385 gives the trial court broad power to dismiss a criminal action in "furtherance of justice." (§ 1385, subd. (a); *Chavez,* at p. 776.) As the California Supreme Court explained in *Chavez*, the trial court in that case had "fundamental" jurisdiction (i.e., authority over the subject matter and the parties) but exceeded its "ordinary" jurisdiction placed on it by statutes (i.e., § 1385) after the defendant's probation expired. (*Chavez,* at pp. 780-784.) A claim of lack of fundamental jurisdiction may be raised at any time, including for the first time on appeal. (*Id.* at p. 780.) However, "a challenge to a ruling in excess of jurisdiction is subject to forfeiture if not timely asserted." (*Ramirez, supra*, 159 Cal.App.4th at p. 1422.)

Properly construed, defendant's claim is not that the trial court lacked "fundamental" jurisdiction over the parties and subject matter, but that the trial court exceeded its jurisdiction under section 1203.1, subdivision (a). Indeed, in *Jackson,* the appellate court held that the trial court's "attempt to extend appellant's probation was merely an act in excess of its jurisdiction." (*People v. Jackson, supra*, 134 Cal.App.4th at p. 933.)

Thus, the trial court did not lack fundamental jurisdiction over defendant or the subject matter. (See *Ramirez, supra*, 159 Cal.App.4th at p. 1427.) Because (1) the claim here as properly construed is that the trial court merely exceeded its jurisdiction on January 10, 2022, and (2) defendant did not timely appeal from that order, we find forfeited defendant's claim that challenges the January 10, 2022, order by failing to seek a timely appeal. (*Ibid.*)

5

# DISPOSITION

Defendant's appeal is dismissed.

                                   /s/_____

                                   MESIWALA, J.

We concur:

/s/_____
HULL, Acting P. J.

/s/_____
MAURO, J.

6